**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-y-93

In the matter of

EMIL FRANCIS OZARAGA,

    Juror.

---

**ORDER TO SHOW CAUSE**

---

    This matter is before the Court *sua sponte* upon consideration of the failure of Emil Francis Ozaraga to appear to continue his jury duty in a pending civil matter.

    Emil Francis Ozaraga was summoned to jury duty in this court beginning on October 21, 2019. On that date he was selected to sit on the jury in the case of *Bell v. Sorin*, 17-cv-01807-RM-STV. Mr. Ozaraga was sworn in as a juror, heard opening statements of the parties, and heard testimony from Plaintiff's first witness.

    At about 5:01 p.m. on October 21, 2019, the jury was released for the day. Before the jury was released, all jurors were required by the Court to return to court on the following day, Tuesday, October 22, 2019, in time for court proceedings to resume at 9:00 a.m. On the morning of October 22, 2019, Mr. Ozaraga neither appeared for the court proceedings nor called to advise as to why he did not appear. All other jurors were present and prepared to proceed with trial.

    As the court had neither seen nor heard from Mr. Ozaraga, the Courtroom Deputy called Mr. Ozaraga four times and left one voice mail for him to contact her immediately but to no avail. The Courtroom Deputy also called Mr. Ozaraga's emergency contact. The emergency

contact said Mr. Ozaraga contacted her yesterday and advised that he was on a jury, but that she had not heard from Mr. Ozaraga this morning.  The Court and the parties waited until about 9:19 a.m. but Mr. Ozaraga did not appear or contact the Court or any member of its staff, or anyone else with the court.

At about 9:22 a.m., after discussion on the record with the parties, the Court discharged Mr. Ozaraga as a juror.  The discharge was necessitated by the need to preserve the time of the attorneys, witnesses, other jurors, and the Court, and to allow the trial to proceed.  After Mr. Ozaraga was discharged, a review of the juror questionnaire Mr. Ozaraga completed shows the following remarks in the questionnaire: "Fuck the US Government.  Fuck the police.  Fuck the corrupt Judicial system.  Fuck this bullshit civic duty.  This government has done nothing to serve me or my community.  Fuck you, you oppressive capitalist pigs."

The trial proceeded on Tuesday, October 22, 2019, with no contact from Mr. Ozaraga. On Wednesday, October 23, 2019, at about 8:13 a.m., Mr. Ozaraga left a voicemail for the Courtroom Deputy stating he did not report to jury duty on Tuesday because he was ill.  Mr. Ozaraga called again later that morning, at about 8:48 a.m., and the Courtroom Deputy advised him he had been excused as a juror.  Mr. Ozaraga's absence on Tuesday and belated call that he was allegedly ill raise the question of whether any action should be taken where it appears he has disobeyed an order of the Court.

A district court has the inherent power to enforce its orders through contempt.  *United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831 (1994).  This power is codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its

authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Contempt proceedings are either civil or criminal in nature. The difference between the two types of contempt turns on the character and purpose of the sanction involved. *Bagwell*, 512 U.S. at 827-828. The contempt is civil if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order. *See Colombo v. New York*, 405 U.S. 9, 10-11 (1972); *United States v. Haggerty*, 528 F. Supp. 1286, 1296 (D. Colo. 1981). The contempt is criminal when the penalty is fixed and there is no possibility of purging the contempt by compliance. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).

The sanction contemplated under the circumstances here involves punishing Mr. Ozaraga for actions that have already occurred and vindicating the dignity and authority of the court; therefore, it is criminal in nature. *Bagwell*, 512 U.S. at 828 - 829; *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986); *In re Lucre Mgmt. Group, LLC*, 365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Bagwell*, 512 U.S. at 826 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to full criminal process." *Id*. at 833. This includes the right to counsel and proof beyond a reasonable doubt. *Id*. at 834. *See also United States v. Peterson*, 456 F.2d 1135, 1139-40 (10th Cir. 1972). If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury. *Bagwell*, 512 U.S. 826 - 827; *Taylor v. Hayes*, 418 U.S. 488, 495 (1974); *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 752 (10th

Cir. 2004). The Court will not seek more than six months of imprisonment.

It appears to the Court that the unexcused failure of Mr. Ozaraga to report for continued jury service constitutes contempt under 18 U.S.C. § 401(3). Mr. Ozaraga's failure to continue his jury service constitutes the ostensible disobedience of the lawful order of the Court that jurors return to Court on Tuesday, October 22, 2019, in time for proceedings in *Bell v. Sorin* to resume at 9:00 a.m.

Pursuant to Fed. R. Crim. P. 42(a)(2), the Court finds the interests of justice do not require the appointment of a prosecuting attorney other than an attorney for the government. However, if the government declines to appoint an attorney to prosecute this matter, the Court will appoint another attorney to prosecute the contempt. Fed. R. Crim. P. 42(a)(2); *see also Mellott v. MSN Comm., Inc.*, No. 09-cv-02418-PAB-MJW, 2011 WL 1597681, at *1 (D. Colo. April 28, 2011). Because the criminal contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial in this matter. Fed. R. Crim. P. 42(a)(3).

Based on the foregoing, it is **ORDERED** as follows:

1. That Emil Francis Ozaraga shall appear in person at an initial appearance and advisement of rights hearing to be held on November 13, 2019, at 2:00 p.m., in Courtroom A601 on the Sixth Floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294;

2. That the attorney for the government is appointed to prosecute the criminal contempt contemplated by this Order to Show Cause;

3. That at the hearing Mr. Ozaraga shall return to the court the lanyard and key card provided to him after he was sworn in as a juror;

4. That because the hearing and any further proceedings may result in the imposition of a fine or imprisonment of Mr. Ozaraga, he may, if he chooses, retain an attorney to represent him at the hearing;[1]

5. That if Mr. Ozaraga fails to appear in person at the hearing, the Court shall issue a warrant for his arrest; and

6. That the United States Marshal shall serve this Order to Show Cause on Mr. Ozaraga in person at his address of record or at any other place where he may be found.

DATED this 24th day of October, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] If Mr. Ozaraga is unable to afford an attorney, he may apply for representation without cost under the Criminal Justice Act, 18 U.S.C. § 3006A, by contacting the Clerk of the Court (303-844-3422) sufficiently in advance of the hearing and completing the necessary paperwork.